# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BARBARA LYNN CRUSSEN,

        Plaintiff,

v.                               Case No. 12-CV-12964
                                       Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**<u>ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART, AND REMANDING MATTER BACK TO THE ADMINISTRATIVE LEVEL FOR FURTHER PROCEEDINGS</u>**

**I.    INTRODUCTION**

Plaintiff Barbara Lynn Crussen is before the Court on an appeal of the Administrative Law Judge's February 25, 2011, finding that she is not disabled under §§ 216(i) and 223(d) of the Social Security Act . On August 6, 2013, Magistrate Judge Michael Hluchaniuk recommended that this Court grant in part Plaintiff's Motion for Summary Judgment, grant in part the Commissioner's Motion for Summary Judgment, and remand this matter back to the Commissioner for further

1

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). For the reasons stated below, the Court accepts the Report and Recommendation's findings of fact and conclusions of law without addition or omission. Therefore, the Plaintiff's motion for summary judgment is **GRANTED IN PART** and the Commissioner's motion for summary judgment is **GRANTED IN PART**.

## II.  BACKGROUND

### A. The Administrative Law Judge's Decision

On July 17, 2009, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging that she became disabled on December 31, 2000. Plaintiff also filed a Title XVI application for supplemental security income. Plaintiff's claims were initially denied on October 27, 2009. Following this denial, Plaintiff filed a written request for a hearing on November 12, 2009, and a video hearing was held on October 21, 2010. Prior to these Title II and XVI filings, Plaintiff had filed an application for disability insurance benefits in July of 2007. That claim was denied on November 6, 2007, and became the final agency action of the Commissioner. On February 25, 2011, Administrative Law Judge ("ALJ") Theodore Grippo again denied Plaintiff's July 17, 2009, claim for disability benefits.

When submitting her 2009 application for benefits, Plaintiff argued that the 2007 application should have been reopened and considered with the new application

because there was new, material information, including a Work Activity Questionnaire that detailed her work activity after the onset of her alleged disability. Plaintiff also argued that the medical evidence that had been procured in the development of the second application for benefits constituted good cause when considered with the evidence that had been procured for the initial application.

Dismissing Plaintiff's request, the ALJ determined that the information submitted with the 2009 application did not contain "new and material medical evidence that would warrant a change in any finding by the prior initial claims evaluators." **[ALJ Decision at 2]** First, the ALJ noted that "evidence is 'new' when the adjudicator who made the prior determination or decision did not consider it." **[ALJ Decision at 1-2]** Additionally, the ALJ noted that evidence is "'material' when the new evidence, either by itself or when considered with the other evidence then before the adjudicator, would warrant a change in any finding pertinent to any matter at issue or in the ultimate decision (either favorable or unfavorable)." **[ALJ Decision at 1-2]** Based on these definitions, the ALJ concluded that Plaintiff's Work Activity Questionnaire, which Plaintiff purported would show that she was unable to sustain competitive employment during the claimed period, did "not support that conclusion." **[ALJ Decision at 2]** The ALJ determined that because Plaintiff's employer noted that Plaintiff "did not have a problem with absenteeism, . . . that her work was

satisfactory[,]" and that though her medication sometimes made her sleepy, her work was terminated by "mutual consent," the information in the Questionnaire was "far from showing that [Plaintiff] was unable to work, especially when taken in the context of an employer who said her work was satisfactory." **[ALJ Decision at 2]** In the same manner, the ALJ determined that though Plaintiff may have presented "new" information, the information was not "'material' to the prior determination" because "the record [did] not contain objective diagnostics that reveal[ed] a material change in structural abnormality of the neck, low back, bilateral knees, or right shoulder[,]" did not contain an updated MRI scan of the lumbar or cervical spine, the new MRI scan that was included was "unremarkable[,]" and, most importantly, the record did "not reveal a significant increase in functional deficits." **[ALJ Decision at 2]** For these reasons, the ALJ determined that Plaintiff failed to make a "sufficient showing of 'good cause' . . . to merit reopening of the prior application." **ALJ Decision at 2]**

After disposing Plaintiff's request to reopen her previously filed application, Administrative Law Judge Grippo went on to address Plaintiff's 2009 claim, as filed, and determined that Plaintiff was "not . . . under disability within the meaning of the Social Security Act from December 31, 2000, through the date of [the] decision." **[ALJ Decision at 3]** First, the ALJ determined that Plaintiff met the insured status

requirements fo the Act through June 30, 2008. Second, the ALJ concluded that Plaintiff had not engaged in "substantial gainful activity" since the date of the alleged injury, December 31, 2000. Third, the ALJ determined that Plaintiff had certain severe impairments: osteoarthritis of the spine, affective disorder, and an anxiety disorder. These impairments, the ALJ determined, "cause[d] more than minimal limitations on the claimant's ability to perform basic work-related activities." However, despite these findings, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments" required by the Act for benefits to be received. **[ALJ Decision at 5-7]** The ALJ also determined that Plaintiff had the "residual capacity to perform light work" and could still be gainfully employed, though likely in "unskilled work." **[ALJ Decision at 7-12]** This work, the ALJ concluded, could include employment like cashier work (which Plaintiff had previously performed) and, therefore, the ALJ concluded that Plaintiff was not disabled based on the requirements of the Act and did not qualify for benefits.

### B. Magistrate Judge Report and Recommendation

On August 6, 2013, Magistrate Judge Michael Hluchaniuk filed his Report and Recommendation concerning Plaintiff's request for benefits. The Magistrate Judge found "no error in the ALJ's treatment of the medical opinions" before it and no error

in the determinations regarding Plaintiff's physical residual functional capacity. **[Magistrate Report & Recc. at 22]** However, Judge Hluchaniuk determined that the "mere limitation to 'unskilled work' [did] not account for plaintiff's mental limitations, particularly those identified by Dr. Wagenheim and Dr. Shah as it relate[d] to plaintiff's social limitations, along with the limitations in concentration, persistence or pace." **[Magistrate Report & Recc. at 25]** Judge Hluchaniuk concluded that ALJ Grippo did "not connect the dots between [his] finding of 'moderate impairments' as described by Dr. Shah (including social impairments) and plaintiff's ability to do unskilled work, . . . in particular, [Plaintiff's] former job as a cashier." **[Magistrate Report & Recc. at 26]** For these reasons, the Magistrate Judge remanded the matter for further consideration of Plaintiff's mental functioning, particularly regarding Dr. Wagenheim's opinions.[1] **[Magistrate Report & Recc. at 26]**

### III.   ANALYSIS

---

[1] In his Request for Medical Evidence form, Dr. Wagenheim noted that Plaintiff was composed, sad, depressed, and blunted. **[Docket No. 8-7, Page 93]** In various progress notes taken while seeing Plaintiff, Dr. Wagenheim also noted that Plaintiff was feeling "overwhelmed by the demands placed upon her" and that, based on his "diagnostic impressions at the time . . . [Plaintiff] was suffering from an Adjustment Disorder with Mixed Anxiety and Depression and a Cognitive Disorder due to Head Trauma as well as possible Somatoform Disorder." **[Docket No. 8-7, Page 138]**

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Any objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L. R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Failing to file any objections waives a party's right to further appeal, *see id.*, and relieves the Court from its duty to review the matter independently. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Neither party has filed an objection to the Magistrate Judge's Report and Recommendation. In the absence of any timely and specific objections to the Report and Recommendation, the Court deems all objections waived and finds the Magistrate

Judge's recommendation sound and appropriate. The Report and Recommendation's conclusions of law are accepted.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Michael Hluchaniuk's Report and Recommendation **[Docket No. 15, filed August 6, 2013]** is **ACCEPTED**. The Court accepts the Report and Recommendation's findings of fact and conclusions of law in their totality.

**IT IS FURTHER ORDERED** that Plaintiff Lynn Crussen's Motion for Summary Judgment **[Docket No. 11 , filed January 14, 2013]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment **[Docket No. 14, filed April 26, 2013]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the administrative level for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

S/Denise Page Hood
**Denise Page Hood**
**United States District Judge**

Dated: September 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
**Case Manager**
