UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA LYNN CRUSSEN,   No. 12-12964

    Plaintiff,   District Judge Denise Page Hood

v.   Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This is a Social Security Disability case. The case was remanded to the administrative level for further proceedings, ultimately resulting in a decision in favor of the Plaintiff and an award of past due benefits. The Social Security Administration withheld $19,414.50 for potential direct payment of attorney fees.

**I.  DISCUSSION**

    Plaintiff entered into a 25% contingent fee agreement. In *Horenstein v. Sec'y of HHS*, 35 F.3d 261 (6th Cir. 1994), the Court held that each decisional entity–the District Court and the administrative tribunal–may award fees under 42 U.S.C. § 406 only for the work specifically done before it. In addition, § 406(b)(1) permits the award of a reasonable contingent fee not to exceed 25% of past due benefits. Plaintiff has filed a motion seeking fees for work done in this Court, under § 406(b), of $9,414.50.[1] [Doc. #18].

---

[1] Plaintiff has also requested a fee of $10,000.00 at the administrative level.

Defendant Commissioner does not object to Plaintiff's request for fees. *See* Doc. #20 and Doc. #21. In addition, I have reviewed Plaintiff's counsel's time-sheets, and find that the amount Plaintiff requests is well within the 25% cap on contingent fees, and thus is presumptively reasonable. *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). There being no basis to find the Plaintiff's request unreasonable, and the Commissioner offering no objection, this motion should be granted.

## II.     CONCLUSION

I recommend that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. #18] be GRANTED, and that Plaintiff's counsel be awarded attorney fees in the amount of $9,414.50.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: December 27, 2017
s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on December 27, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on December 27, 2017.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen